IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LUN MAYES, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    NO. 3:21-cv-00847 |
| | ) |
| WESTROCK SERVICES, LLC, | )    JUDGE CAMPBELL |
| | )    MAGISTRATE JUDGE FRENSLEY |
|    Defendant. | ) |

## MEMORANDUM

Pending before the Court is Defendant WestRock Services, LLC's ("WestRock") Partial Motion to Dismiss Amended Complaint. (Doc. No. 33). Plaintiff Lun Mayes ("Mr. Mayes") filed a response in opposition (Doc. No. 38), and WestRock filed a reply (Doc. No. 42). For the reasons discussed below, the motion will be **DENIED**.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit arises from Mr. Mayes' employment with WestRock as a machine operator at its facility in Lebanon, Tennessee. (Doc. No. 30 ¶ 11). On August 3, 2020, WestRock made wearing masks mandatory at its Lebanon facility. (*Id*. ¶ 15). The next day, Mr. Mayes presented a note from his physician stating that he is unable to tolerate a mask due to underlying medical conditions, but an HR administrator sent him home. (*Id*. ¶¶ 16-17). On August 7, 2020, an HR manager called Mr. Mayes to return to work with the option to use a face shield. (*Id*. ¶ 18). On August 13, 2020, Mr. Mayes requested to work without a mask when working alone, but an HR manager refused. (*Id*. ¶ 20). Mr. Mayes was approved for medical leave from work by WestRock based upon his underlying health conditions giving him difficulty breathing. (*Id*. ¶ 32).

On or about August 24, 2020, WestRock announced revised corporate guidance for face coverings that included the following exception: "The wearing of face coverings (masks) can be relaxed when … a [t]eammate expresses a health issue or reason they cannot wear a mask. A doctor's note may be presented." (*Id*. ¶¶ 34-35). Mr. Mayes requested job related information from WestRock to provide his physician on at least four occasions throughout the fall of 2020, but each time WestRock refused to provide the requested information. (*Id*. ¶¶ 37-40). Mr. Mayes was forced to work with a face mask on, causing him to suffer worse shortness of breath, lightheadedness, severe chest pain and fatigue and potentially worsening his underlying conditions. (*Id*. ¶ 41).

On or about November 16, 2020, Mr. Mayes filed a charge of discrimination with the Tennessee Human Rights Commission, alleging discrimination and retaliation. (*Id*. ¶ 43). On December 8, 2020, Mr. Mayes asked WestRock for a description of his job as he performed it, but none was provided. (*Id*. ¶ 44). On December 10, 2020, Mr. Mayes requested a copy of his medical file, including a copy of his initial paperwork with WestRock acknowledging that he was a person with a disability. (*Id*. ¶ 45). Rather than allowing Mr. Mayes access to his medical file, WestRock resent earlier paperwork. (*Id*.).

On December 11, 2020, Mr. Mayes filed an amended charge of discrimination with the Tennessee Human Rights Commission, alleging retaliation and discrimination because of his race and disability. (*Id*. ¶ 47). That evening, Mr. Mayes' supervisor accused Mr. Mayes of not doing his job even though Mr. Mayes had significant production that shift and was only limited by equipment breakdowns. (*Id*. ¶¶ 48-49). The next day, Mr. Mayes' supervisor questioned him about his charge of discrimination and if he had an attorney, accused him of insubordination, and sent him home without pay. (*Id*. ¶¶ 54-56). When he arrived home, Mr. Mayes emailed his supervisor and HR that his supervisor was harassing him and being retaliatory. (*Id*. ¶ 59). Mr. Mayes was sent

home from work again the next day. (*Id*. ¶ 60). When he arrived home, Mr. Mayes emailed HR about his disability discrimination claims and made racial discrimination claims against his supervisor. (*Id*. ¶¶ 61-63).

When Mr. Mayes clocked in for work on December 16, 2020, the plant manager questioned him about performing his job and sent him home. (*Id*. ¶ 65). When Mr. Mayes came to work the next day, the plant manager prevented him from clocking in and sent him home. (*Id*. ¶ 68). The next day, Mr. Mayes emailed HR that he was being harassed and retaliated against because of filing a charge. (*Id*. ¶ 70). On December 21, 2020, WestRock suspended Mr. Mayes' employment without indicating a reason why. (*Id*. ¶ 71). On December 22, 2020, WestRock's HR director informed Mr. Mayes that he had been suspended because he had filed a charge. (*Id*. ¶ 72). WestRock terminated Mr. Mayes' employment on December 28, 2020. (*Id*. ¶ 77).

Mr. Mayes filed the present action against WestRock on November 10, 2021. (Doc. No. 1). He filed an Amended Complaint on February 24, 2022, alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq*., Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*., and 42 U.S.C. § 1981. (*See* Amended Complaint, Doc. No. 30). Through the Amended Complaint, Mr. Mayes brings claims under the ADA for disparate treatment (Count 1), hostile work environment (Count 2), interference (Count 3), and retaliation (Count 4) and claims under Title VII and Section 1981 for hostile work environment (Count 5), disparate treatment (Count 6), and retaliation (Count 7).

On March 10, 2022, WestRock filed the pending partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing Counts 1-4 fail to state a claim and that Mr. Mayes failed to exhaust his administrative remedies for Counts 2 and 5.

3

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

## III. ANALYSIS

### A. Exhaustion of Administrative Remedies (Counts 2 and 5)

As a prerequisite to bringing claims under Title VII, as well as the ADA, a claimant must first exhaust their administrative remedies by filing an administrative charge with the EEOC. *See* 42 U.S.C. § 2000e–5(e)(1); 29 C.F.R. § 1601.12(b).[1] Through the pending motion, WestRock contends that the ADA and Title VII hostile work environment claims (Counts 2 and 5) must be dismissed for failure to exhaust administrative remedies because "[t]here is no mention of hostile work environment in any of [his] EEOC charges." (Doc. No. 34 at 10, 17). While WestRock is

---

[1] 42 U.S.C. § 1981 does not require the exhaustion of administrative remedies. *Williams v. CSX Transp. Co., Inc.*, 643 F.3d 502, 511 n. 3 (6th Cir. 2011). WestRock does not move to dismiss the Section 1981 hostile work environment claim in Count 5.

correct in that, generally, a plaintiff cannot bring claims in a lawsuit that were not included in their EEOC charge, *see Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010), EEOC charges are to be liberally construed and courts may consider claims that are "reasonably related to or grow out of the factual allegations in the EEOC charge." *Id*. at 362. If the facts alleged in the charge of discrimination would prompt the EEOC "to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Weigel v. Baptist Hosp. of East Tenn.*, 302 F.3d 367, 379 (6th Cir. 2002). Thus, "[t]he determinative inquiry … is whether [Mr. Mayes] alleged sufficient facts in his EEOC Complaint to put the EEOC on notice of his [hostile work environment] claim[s][.]" *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004).

Here, WestRock does not address any of the facts alleged in Mr. Mayes' EEOC charges or develop any argument as to why such facts would not prompt the EEOC to investigate uncharged claims of hostile work environment. Without even a mention of what facts Mr. Mayes alleged in his EEOC charges, WestRock cannot show that the EEOC charges failed to allege sufficient facts to put the EEOC on notice of his hostile work environment claims. It is not sufficient for a party to mention a possible argument "in a most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir.1997). In instances such as this, where "[i]ssues [are] adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation," the issue is considered forfeited. *Buetenmiller v. Macomb Cnty. Jail*, 53 F.4th 939, 946 (6th Cir. 2022) (quoting *McPherson*, 125 F.3d at 995–96). Accordingly, the motion to dismiss will be denied as to the issue of exhaustion of administration remedies.

### B. ADA Claims (Counts 1-4)

WestRock argues Counts 1-4 must be dismissed because the Amended Complaint fails to plausibly allege that Mr. Mayes is disabled under the ADA. The ADA defines the term disability

as "a physical or mental impairment that substantially limits one or more major life activities of such individual," "a record of such an impairment," or "being regarded as having such an impairment." 42 U.S.C. § 12102(1)(A)-(C). The terms "disability" and "substantially limits" are to be construed broadly in favor of expansive coverage. *Id*. § 12102(4)(A), (B). "Substantially limits" is not meant to be a demanding standard. 29 C.F.R. § 1630.2(j)(1)(i); *see id*. at § 1630.2(j)(1)(ii) ("An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting."); *see, e.g.*, *Morrissey v. Laurel Health Care Co.*, 946 F.3d 292, 300 (6th Cir. 2019) ("an individual whose impairment causes pain or fatigue that most people would not experience when performing that major life activity may be substantially limited."). "Major life activities" include, but are not limited to, performing manual tasks, breathing, and working. 42 U.S.C. § 12102(2)(A); 29 C.F.R. §1630.2(i)(1)(i).

Here, the Amended Complaint alleges Mr. Mayes was approved for medical leave from work based upon his underlying health conditions giving him difficulty breathing. In other words, Mr. Mayes has alleged facts that indicate he had difficulty with breathing and working because of his underlying health conditions. Breathing and working are considered major life activities. *See id*. Viewing these factual allegations in the light most favorable to Mr. Mayes, the Amended Complaint alleges that he suffered from impairments that substantially limited at least two major life activities. Accordingly, the Amended Complaint plausibly alleges that Mr. Mayes was disabled under the ADA. 42 U.S.C. § 12102(1)(A).

 1. <u>ADA Interference (Count 3)</u>

WestRock argues that Count 3 must be dismissed because (1) Mr. Mayes failed to return medical documentation related to his accommodation request and (2) his proposed accommodation

was not reasonable. In support, WestRock submits that "an employee's failure to provide requested medical documentation supporting an accommodation precludes a failure to accommodate claim," (Doc. No. 34 at 11 (quoting *Tchankpa v. Ascena Retail Grp., Inc.*, 951 F.3d 805, 812 (6th Cir. 2020))), and that "[a]n employer can only be liable for failure to accommodate under the ADA if the plaintiff can demonstrate that he proposed a reasonable accommodation." (*Id*. at 14 (citing *Rorrer v. City of Stow*, 743 F.3d 1025, 1041 (6th Cir. 2014))). Mr. Mayes contends that he sufficiently pleads a claim for ADA interference in Count 3.

Failure to accommodate and interference claims are brought under different sections of the ADA; failure to accommodate is a form of disability discrimination under Section 12112(b)(5)(A), *Tchankpa*, 951 F.3d at 811, whereas ADA interference claims are brought under Section 12203(b), *Post v. Trinity Health-Michigan*, 44 F.4th 572 (6th Cir. 2022). WestRock does not differentiate between failure to accommodate claims and interference claims in its briefing, nor does it cite to any authority that addresses an ADA interference claim. In the absence of the foregoing, the Court is not persuaded that Count 3 should be dismissed for failure to state claim.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE